**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| GREATGIGZ SOLUTIONS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>CHRISTUS HEALTH,<br><br>  Defendant. | No. 6:21-cv-01310-ADA |

**DEFENDANT CHRISTUS HEALTH'S OPPOSED MOTION TO STAY
PENDING RESOLUTION OF EPIC SYSTEMS CORPORATION'S
DECLARATORY JUDGMENT ACTION AGAINST PLAINTIFF**

**I.      INTRODUCTION**

In the interest of efficiency for the parties and the Court, this case should be stayed pending the outcome of the declaratory judgment action filed against Plaintiff, GreatGigz Solutions, LLC ("GreatGigz"), on the same four patents-at-issue here, by Epic Systems Corporation ("Epic") in the Southern District of Florida ("SDFL"). Defendant, CHRISTUS Health, is a mere customer/user of the software accused in this case, while Epic is the manufacturer/provider of that software. Thus, under Federal Circuit precedent, this case should be stayed under the customer-suit exception. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) ("When a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally takes precedence.").

Epic's case against GreatGigz will necessarily resolve "the major issues" here, weighing in favor of a stay. *Kirsch Rsch. & Dev., LLC v. Bluelinx Corp.*, No. 6:20-CV-00316-ADA, 2021 WL 4555803, at *2 (W.D. Tex. Oct. 4, 2021). The cases involve the same foundational software and the same patents. Accordingly, a stay of this case will simplify the issues for all parties. A stay presents no unfair prejudice or clear tactical disadvantage to GreatGigz. GreatGigz will still be able to pursue its claims that Epic's software infringes in the SDFL, in a more streamlined fashion, and likely at an equal or faster pace. Discovery involving Epic as a party will most certainly be more efficient for all involved than discovery involving Epic as a non-party in this District, where Epic cannot be subpoenaed to appear at trial. Finally, this case has barely started. CHRISTUS Health's deadline to answer or respond is today, and there is no case management order in place.

Beyond these traditional considerations, a stay is appropriate in this case because GreatGigz is already defending against another declaratory judgment action in the SDFL on the same four patents-at-issue here. While GreatGigz tried, unsuccessfully, to transfer that case to this District, Judge Middlebrooks denied that request, reasoning that GreatGigz "is headquartered here

1

within the Southern District of Florida and, at least with respect to its own witnesses and evidence, this District is likely much more convenient than the Western District of Texas." *MapleBear Inc. v. GreatGigz Solutions, LLC*, No. 21-cv-81998-DMM, Dkt. 31 (S.D. Fla. Feb. 16, 2022).

For these and the foregoing reasons, CHRISTUS Health respectfully requests that the Court stay this case pending the outcome of Epic's declaratory judgment action against GreatGigz. Counsel for CHRISTUS Health conferred with counsel for GreatGigz on this requested relief, who confirmed that GreatGigz opposes the requested relief.

## II.   BACKGROUND

### A.   The Instant Customer Suit and Epic's Declaratory Judgment Action

GreatGigz filed this action against CHRISTUS Health on December 16, 2021. (Dkt. 1). While GreatGigz listed two patents in its definition of "Asserted Patents" (*id.*, ¶ 14), it included four counts of infringement on those two patents and two others (*id.*, ¶¶ 14, 36-93). The four patents implicated by the Complaint are: U.S. Patent Nos. 6,662,194 ("the '194 Patent"); 7,490,086 ("the '086 Patent"); 9,760,864 ("the '864 Patent"); and 10,096,000 ("the '000 Patent"). (*Id.*, ¶ 8).

GreatGigz accuses CHRISTUS Health of infringing these patents via an online "Patient Portal." (*Id.*, ¶ 35; *see also id.*, ¶ 6 & n.1). GreatGigz cites URLs at which this Patient Portal is allegedly accessed, all of which are mychart.org-formative domains. (*Id.*, ¶¶ 6, 35, 41 & nn. 1, 3-6 (citing mychart.org-formative domains)). As part of its electronic medical records software suite, Epic provides centralized access points to patient portals from mychart.com and mychart.org. (*See* Epic, MyChart, https://mychart.com/; Epic, MyChart, www.mychart.org/ (redirecting to https://mychart.com/); Epic, Access MyChart, https://www.mychart.com/LoginSignup).

CHRISTUS Health received an extension until February 21, 2022 to answer or otherwise respond to the Complaint, (*see* Dkt. 7 & Jan. 4, 2022 Order), which is a federal holiday, 5 U.S.C. § 6103(a), making the Answer due the next business day, February 22. *See* Fed. R. Civ. P. 6(a).

2

On February 18, 2022, Epic filed a Complaint against GreatGigz in the SDFL, where GreatGigz keeps its principal place of business. Epic seeks a declaratory judgment of noninfringement of the four patents-at-issue here: the '194 Patent, the '086 Patent, the '864 Patent, and the '000 Patent. *Epic Systems Corporation v. GreatGigz Solutions, LLC*, No. 9:22-cv-80276, Dkt. 1 (S.D. Fla. Feb. 18, 2022).

**B.      History Between Epic, Epic's Customers, and GreatGigz's Affiliates**

This is not the first time that Epic and its customers have been targeted by GreatGigz or its affiliates. GreatGigz, an apparent non-practicing entity, lists Raymond Anthony Joao as its managing member, as well as the sole inventor on the patents-at-issue. Mr. Joao is also listed as the managing member of Decapolis Systems, LLC ("Decapolis"), as well as the sole inventor of the patents asserted by Decapolis against Epic and its customers, as described further below.

Decapolis sued Epic in this District in April 2021, alleging Epic's software infringes two additional patents. *Decapolis Systems, LLC v. Epic Systems Corporation*, No. 6:21-cv-00434-ADA, Dkt. 1 (W.D. Tex. Apr. 29, 2021). Epic moved to dismiss for improper venue or to transfer. *Id.*, Dkt. 10. After limited discovery, Decapolis amended its complaint, which Epic moved to strike. *Id.*, Dkt. 18, ¶¶ 6-7 & Dkt. 21 at 3–4. This Court granted that motion and ordered Decapolis to respond to Epic's motion to dismiss or transfer. *Id.*, Dkt. 23. In the interim, Decapolis filed lawsuits against two Epic customers for infringement of the same two patents, premised at least in part on software provided by Epic.[1] Decapolis then voluntarily dismissed its complaint against Epic without prejudice, leaving Epic and its other customers in peril of being targeted repeatedly by Mr. Joao through Decapolis. No. 6:21-cv-00434-ADA, Dkt. 24 (W.D. Tex. Dec. 20, 2021).

---

[1] *Decapolis Systems, LLC v. Univ. Health Sys. Servs. of Texas, Inc.*, No. 6:21-cv-01252-ADA, Dkt. 1 (W.D. Tex. Dec. 1, 2021) & *Decapolis Systems, LLC v. Central Texas Comm. Health Ctrs.*, No. 6:21-cv-01262-ADA, Dkt. 1 (W.D. Tex. Dec. 3, 2021).

3

Rather than wait for Decapolis to sue more of Epic's customers on the same two patents, Epic filed a declaratory judgment action against Decapolis in the SDFL, Decapolis' home venue.[2] The two customers then filed motions to stay their cases pending the outcome of Epic's declaratory judgment action. No. 6:21-cv-01252, Dkt. 8 (W.D. Tex. Feb. 4, 2022); No. 6:21-cv-01262 (W.D. Tex. Feb. 4, 2022). Those motions are still pending.

## III. ARGUMENT

In the interest of efficiency and practicality for both the parties and the Court, CHRISTUS Health respectfully requests the Court stay this case against CHRISTUS Health pending resolution of Epic's declaratory judgment action against GreatGigz. Per Federal Circuit precedent, "[w]hen a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally takes precedence." *Nintendo*, 756 F.3d at 1365. Application of the customer-suit exception is particularly appropriate where claims against the manufacturer (Epic) will resolve the claims against the customer (CHRISTUS Health). *See Collaborative Agreements, LLC v. Adobe Sys. Inc.*, No. 1-14-CV-356-LY, 2015 WL 10818739, at *2-3 (W.D. Tex. Aug. 21, 2015).

Further, the general stay factors also favor a stay of this case. *First*, the stay will not unduly prejudice GreatGigz, as the declaratory judgment action will allow GreatGigz to continue to pursue its claims against Epic's software, in its home venue, in a streamlined fashion, and likely on an equal or even faster schedule. *Second*, staying this customer case will simplify the issues here because the determination in the declaratory judgment suit will resolve the major issues in this action against CHRISTUS Health. *Third*, this case is in its infancy: CHRISTUS Health's deadline

---

[2] *Epic Systems Corporation v. Decapolis Systems, LLC*, No. 9:22-cv-80173-DMM, Dkt. 1 (S.D. Fla. Feb. 18, 2022).

4

to answer or otherwise respond to the Complaint is today. A case management schedule has not been set, *Markman* briefing has not begun, discovery has not started, and no trial has been set.

Thus, not only does the customer-suit exception support a stay, but the general stay factors also weigh in favor of a stay.

### A.   The Customer-Suit Exception Factors Favor a Stay.

Courts apply the customer-suit exception to stay earlier-filed litigation against a customer when a later-filed case involving the manufacturer proceeds in another forum. *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). The customer-suit exception trumps the traditional first-to-file rule so that "litigation against or brought by the manufacturer of [allegedly] infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This rule avoids "imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Nintendo*, 756 F.3d at 1365.

For courts to apply the customer-suit exception, the case involving the manufacturer "need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue." *Kirsch Rsch. & Dev., LLC v. Bluelinx Corp.*, No. 6:20-CV-00316-ADA, 2021 WL 4555803, at *2 (W.D. Tex. Oct. 4, 2021) (quoting *Spread Spectrum*, 657 F.3d at 1358). Courts should undertake a "flexible approach, . . . staying proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014).

Courts consider three factors in determining whether the customer-suit exception applies: (1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product.

5

*Kirsch*, 2021 WL 4555803, at *2; *Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398, at *5 n.3 (E.D. Tex. Jan. 25, 2017). The "guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum*, 657 F.3d at 1357 (citation omitted). Each factor supports a stay of this case.

### 1.    CHRISTUS Health Is a Mere Customer of Epic.

CHRISTUS Health is a customer of Epic's software, including the MyChart patient portal (Dkt. 1, ¶¶ 6, 35, 41 & nn. 1, 3-6), which is the same software at-issue in Epic's declaratory judgment action. As the manufacturer/provider of MyChart, Epic has a "greater interest in defending its actions against charges of patent infringement." *See Spread Spectrum*, 657 F.3d at 1357 (citation omitted).

CHRISTUS Health provides patient portal services to its patients—*its* customers—through the software provided by Epic. Even to the extent that CHRISTUS Health is not viewed as a typical "reseller," that is irrelevant to this analysis, as Epic is in the best situation to defend the software that *it* developed and sells. *See Glob. Equity*, 2017 WL 365398, at *10 (rejecting the plaintiff's "argument that the customer suit exception d[id] not apply because the Amazon customer Defendants [were] not 'mere resellers' of Amazon technology"); *Collaborative Agreements*, 2015 WL 10818739, at *3 ("Even though … the relationship between Adobe and the Customer Defendants are slightly different than the manufacturer-customer relationship typical in a 'customer-suit exception to the first-to-file rule,' the court concludes that 'the same general principles govern' and that Adobe is the 'true defendant' in this case.") (citation omitted).

Ultimately, what matters is that resolution of Epic's case against GreatGigz will resolve the major issues here. If Epic is found not liable for infringement of the four patents-at-issue, that will be dispositive of GreatGigz's claims against CHRISTUS Health for infringement of those same patents. *See, e.g., Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 185-86

6

(1952) (judgment in favor of a manufacturer accused of infringing patent bars suits against customers). On the other hand, if GreatGigz obtains judgment against Epic, it will have exhausted its rights as a patent holder and will be precluded from collecting damages with respect to the same infringing product from a downstream user like CHRISTUS Health. *See, e.g., Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) (precluding the plaintiff from seeking damages from customers because damages already collected from manufacturer).

### 2. CHRISTUS Health Agrees to Be Bound by the Outcome of the Epic/GreatGigz Case.

CHRISTUS Health agrees to be bound the outcome of the action that Epic filed against GreatGigz in the SDFL, which favors a stay. *Glob. Equity*, 2017 WL 365398, at *5 n.3; *see CyWee Grp. Ltd. v. Huawei Device Co. Ltd.*, No. 2:17-CV-495-WCB, 2018 WL 4002776, at *4 (E.D. Tex. Aug. 22, 2018) (agreement to be bound by manufacturer case supports a stay).

### 3. Epic Is the Source of the Accused Products.

GreatGigz's infringement allegations against CHRISTUS Health concern the same Epic software at-issue in the declaratory judgment action filed in the SDFL. The foundational software was developed by Epic and licensed to CHRISTUS Health without contribution by any other entity. *Glob. Equity*, 2017 WL 365398, at *5 n.3, *10 (finding no prejudice where patent validity and infringement issues would be decided in the declaratory judgment action).

In sum, the customer-suit exception factors all support staying this case pending the outcome of Epic's declaratory judgment action against GreatGigz in the SDFL.

### B. The General Stay Factors Also Favor a Stay.

The general stay factors also support staying this case. In deciding whether to stay a patent case, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and

7

trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Kirsch*, 2021 WL 4555803, at *3; *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015). Here, all three factors favor a stay.

### 1. A Stay Presents No Unfair Prejudice or Clear Tactical Disadvantage to GreatGigz.

A stay pending the outcome of the SDFL action presents no undue prejudice or clear tactical disadvantage to GreatGigz. The SDFL is GreatGigz's home venue. (Dkt. 1, ¶ 1). Moreover, the SDFL is already handling another declaratory judgment action involving the same four patents-at-issue. *MapleBear Inc. v. GreatGigz Solutions, LLC*, No. 21-cv-81998-DMM, Dkt. 1 (S.D. Fla. Oct. 29, 2021). GreatGigz attempted to transfer that case to this District, but was denied, in part because Judge Middlebrooks found that GreatGigz "is headquartered here within the Southern District of Florida and, at least with respect to its own witnesses and evidence, this District is likely much more convenient than the Western District of Texas." *Id.*, Dkt. 31 (Feb. 16, 2022). Thus, the *Maplebear* case is moving forward in the SDFL, with a trial set for this September 2022. *Id.*, Dkt. 13 (Nov. 3, 2021). Epic's declaratory judgment action against GreatGigz lists the *Maplebear* case as a related case. No. 9:22-cv-80276, Dkt. 1 (S.D. Fla. Feb. 18, 2022). In contrast, no trial date has been set in this case.

The declaratory judgment action brought by Epic poses benefits to GreatGigz. In that action, GreatGigz can obtain discovery from Epic—the entity that controls information concerning the development and functionality of the foundational software—as a party, rather than having to pursue indirect discovery from CHRISTUS Health,[3] or third-party discovery from Epic via

---

[3] It does not appear that GreatGigz targeted CHRISTUS Health because it has any particularly relevant or unique information. Rather, it appears that CHRISTUS Health was targeted because it presented GreatGigz an opportunity to sue on Epic's software in this District.

8

subpoena. *See Kirsch*, 2021 WL 4555803, at *5 ("The customer-suit exception is . . . premised on the principle that the bulk of the relevant evidence will come from the Manufacturer of an accused product—not a customer."); *Lighthouse Consulting Grp., LLC v. Bank of Am., N.A.*, No. 19-CV-00250, 2020 WL 6781978, at *3 (E.D. Tex. Mar. 26, 2020); *CyWee Grp.*, 2018 WL 4002776, at *3 ("a stay would obviate the need for non-party discovery from" manufacturer in customer case).

### 2. A Stay Will Simplify the Issues in Question.

The declaratory judgment action involves the *same* accused software and *same* patents-at-issue. Thus, staying this case now would allow the various parties to resolve their disputes in fewer proceedings, saving significant litigation expenses for GreatGigz. Additionally, staying this case will reduce the burden on the Court's limited resources by eliminating unnecessary motion practice, hearings, and a trial. *See Katz*, 909 F.2d at 1464; *Lighthouse Consulting*, No. 2020 WL 6781978, at *3 (finding that stay would "result in a significant simplification" of the customer cases where customers had agreed to be bound by manufacturer's declaratory judgment action).

### 3. Discovery Has Not Started, and a Trial Date Has Not Been Set.

This case against CHRISTUS Health is in its infancy. CHRISTUS Health's Answer is just now due. Further, no case schedule has been set. *Cf. CyWee Grp. Ltd.*, 2018 WL4002776, at *4 (finding this factor weighed in favor of a stay even though claim construction had begun and a pretrial conference had been set); *Lighthouse Consulting*, 2020 WL 6781978, at *3 (finding this factor weighed "slightly in favor of" a stay, even where "discovery ha[d] already been ongoing for a few months" and the claim construction hearing was less than six weeks away).

## IV. CONCLUSION

CHRISTUS Health respectfully requests the Court stay this case until Epic's declaratory judgment action against GreatGigz on the same patents-at-issue has been resolved.

Dated: February 22, 2022

Respectfully submitted,

*/s/Mark D. Siegmund*
Mark D. Siegmund
State Bar No. 24117055
Gregory P. Love (Admission Pending)
State Bar No. 24013060
**STECKLER WAYNE CHERRY & LOVE, PLLC**
8416 Old McGregor Road
Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689
mark@swclaw.com
greg@swclaw.com

*Attorneys for Defendant CHRISTUS Health*

OF COUNSEL:

Kristin Graham Noel
Martha Jahn Snyder
Anita Marie Boor
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, Wisconsin 53703-3095
Tel.: (608) 251-5000
kristin.noel@quarles.com
martha.snyder@quarles.com
anita.boor@quarles.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2022, a true and correct copy of the foregoing was served on all counsel of record who have appeared in this case via the Court's CM/ECF system per Local Rule CV-5.

*/s/ Mark D. Siegmund*
Mark D. Siegmund