UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GREATGIGZ SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTUS HEALTH,<br><br>Defendant. | JURY TRIAL DEMANDED<br><br>Case No. 6:21-cv-01310-ADA |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S OPPOSED MOTION TO STAY PENDING RESOLUTION OF EPIC SYSTEMS CORPORATION'S DECLARATORY JUDGMENT ACTION AGAINST PLAINTIFF**

Plaintiff GreatGigz Solutions, LLC ("Plaintiff" or "GreatGigz") respectfully submits this Opposition to Defendant's Opposed Motion to Stay Pending Resolution of Epic Systems Corporation's Declaratory Judgment Action Against Plaintiff [Dkt. No. 9] ("Defendant's Motion").

## TABLE OF CONTENTS

I. Introduction ........................................................................................................................... 1

II. Efficiency and Judicial Economy Weigh Against a Stay ................................................... 2

   A. The Allegations Made in the Complaint Against Defendant Are Not Based on Reselling an Accused Product ......................................................................................................... 2

   B. The Allegations Made in the Complaint Against Defendant Are Not Limited to Epic ................. 3

   C. Discovery Considerations Weigh Against A Stay ........................................................ 3

III. A Stay Would Unduly Prejudice Plaintiff ......................................................................... 4

IV. Conclusion ........................................................................................................................ 4

# TABLE OF AUTHORITIES

**Cases**

*Ambato Media, LLC v. Clarion Co., Ltd.*, 2:09-cv-242-JRG, 2012 WL 194172, at *1 (E.D. Tex. Jan 23, 2012) ................................................................................................................. 4

*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993) ...................................... 2

*In re Nintendo of Am. Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014) ............................................. 1

*Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081-82 (Fed. Cir. 1989) ...................................... 2

*Mirror Worlds Techs., LLC v. Dell Inc.*, No. 6:13-CV-941, 2014 WL 11268268, at *2 (E.D. Tex. Sept. 29 2014) .................................................................................................................. 3

*Tegic Commc'ns Corp. v. Bd. Of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir 2006) ......................................................................................................................... 3

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ........................................................................ 2

I.      Introduction

Defendant CHRISTUS Health ("Defendant" or "CHRISTUS Health") asks this Court to stay this action under the customer suit exception in favor of a declaratory judgment action brought against GreatGigz by Epic Systems Corporation ("Epic") in Florida on February 18, 2022.[1]

The typical fact pattern for staying a customer suit in favor of a suit involving a manufacturer or supplier involves: (1) a large number of customers (typically resellers), each of which has been sued for infringement; (2) the acts of infringement consists entirely of reselling a manufacturer's accused product; and (3) the manufacturer/supplier suit is located in a venue *much more convenient to resolving the dispute*, usually the home district of the manufacturer/supplier. *See In re Nintendo of Am. Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014) (holding that the "benefits" of staying cases against eleven *reseller* customers and "trying the case against Nintendo in the Western District of Washington [*Nintendo's U.S. principal place of business*] are indisputable.") (emphasis added).

None of these facts are present in this case, and thus the customer suit exception does not apply here. GreatGigz has filed an action against an entity (Christus Health) accused of *using* (not simply reselling) its own systems that incorporate, to *some extent* the Epic software and systems. Further, in no way do the allegations limit the themselves *only* to their use of Epic's systems.

Further, Defendant is asking to stay this case in favor of a suit brought in the Southern District of Florida, a district that is *substantially less convenient* for these matters than the Western District of Texas. Florida has no relation to the subject matter of this dispute other than being the state of incorporation of Plaintiff. Neither Defendant nor Epic likely maintain any relevant documents or witnesses in Florida. Indeed, staying these cases would effectively serve to move this dispute farther away from the relevant witnesses and evidence. To wit, Epic's headquarters is in Wisconsin, making the

---

[1] *Epic Systems Corporation v. GreatGigz Solutions, LLC*, 9:22-cv-80276 (S.D. Fla. February 18, 2022) ("the Florida Action").

Southern District of Florida much further than the Western District of Texas with regards to the location of relevant documents and witnesses.

Further, a stay of this case would unjustly deprive Plaintiff of its chosen venue and make the underlying dispute in these cases significantly less efficient and more complicated. *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993), abrogated on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (under the customer suit exception, there "must, however, be sound reason that would make it ***unjust or inefficient*** to continue the first-filed action.").

## II. Efficiency and Judicial Economy Weigh Against a Stay

The customer suit exception recognizes that, in certain situations, a first-filed patent infringement suit against a "customer" may be stayed in favor of a later-filed suit against a supplier or manufacturer. *See generally Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081-82 (Fed. Cir. 1989). "There must, however, be sound reason that would make it ***unjust or inefficient*** to continue the first-filed action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993), abrogated on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (emphasis added). The customer suit exception is not a bright-line rule that dictates that if there is a suit against a manufacturer or supplier, you must stay the case against the customer. Rather, "the guiding principal in the customer exception suit cases are ***efficiency and judicial economy***." *Tegic Commc'ns Corp. v. Bd. Of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir 2006) (recognizing that "it would not be demonstrably more efficient to stay the Texas suits in favor of Tegic's manufacturer's suit in Washington.') (emphasis added). As detailed below, efficiency and judicial economy in these cases weigh against a stay.

### A. The Allegations Made in the Complaint Against Defendant Are Not Based on Reselling an Accused Product

CHRISTUS Health is accused of ***using*** (not simply reselling) its own systems that incorporate, ***to some extent*** the Epic software and systems. Thus, Defendant is not being sued as mere resellers of an

accused product. GreatGigz has alleged that Defendant's use of certain scheduling systems infringes upon its patents. *See Mirror Worlds Techs., LLC v. Dell Inc.*, No. 6:13-CV-941, 2014 WL 11268268, at *2 (E.D. Tex. Sept. 29 2014) (finding that the customer-suit exception did not apply because the customer defendants "do not merely resell the [accused software] after receiving it, but instead implement the software on their products in ways that potentially infringe").

### B. The Allegations Made in the Complaint Against Defendant Are Not Limited to Epic

Another reason the customer-suit exception does not apply here is that GreatGigz's allegations against Defendant are not limited to only their use of Epic's systems. Indeed, GreatGigz intends to request discovery regarding Defendant's possible use of other (non-Epic) scheduling systems now and/or in the past.

### C. Discovery Considerations Weigh Against A Stay

Defendants argue that "[t]he declaratory judgment action brought by Epic poses benefits to GreatGigz" because "GreatGigz can obtain discovery from Epic—the entity that controls information concerning the development and functionality of the foundational software—as a party, rather than having to pursue indirect discovery from CHRISTUS Health, or third party discovery from Epic vis subpoena." Defendant's Motion at 8. Defendant fails to mention, however, that Epic has previously argued that all of this relevant information is located at its headquarters in Wisconsin. To quote Epic, "the vast majority of Epic's documents regarding the development and design of its software are located at Epic's headquarters in Verona, Wisconsin." *See Decapolis Systems, LLC v. Epic Systems Corporation*, No. 6:21-cv-00434-ADA, Dkt. 10 at 8.

Defendant offers no explanation as to how Epic providing this evidence via third-party discovery here would be more burdensome than providing that same evidence in the Florida Action. To the contrary, the Western District of Texas is much more proximate to the source of Epic's evidence than

Florida, and thus would actually be less burdensome. As discussed *supra*, Epic's headquarters is in Wisconsin, making the Southern District of Florida much further than the Western District of Texas with regards to the location of relevant documents and witnesses.

**III.   A Stay Would Unduly Prejudice Plaintiff**

A plaintiff has "an interest in the timely enforcement of its patent right." *Ambato Media, LLC v. Clarion Co., Ltd.*, 2:09-cv-242-JRG, 2012 WL 194172, at *1 (E.D. Tex. Jan 23, 2012). A stay of this case would cause unnecessary delay and unduly prejudice GreatGigz's enforcement of its patent rights against CHRISTUS Health.

## IV. Conclusion

For at least the reasons set forth above, GreatGigz respectfully requests that the Court deny Defendant's Motion to Stay.

Dated: March 1, 2022

Respectfully Submitted,

*/s/ René A. Vazquez*
René Vazquez
Virginia Bar No. 41988
rvazquez@ghiplaw.com
M. Scott Fuller
Texas Bar No. 24036607
sfuller@ghiplaw.com
Randall Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEYS FOR PLAINTIFF
GREATGIGZ SOLUTIONS, LLC**

## CERTIFICATE OF SERVICE

A true and correct copy of this document has been served on March 1, 2022, to all counsel of record who are deemed to have consented to electronic service though the Court's CM/ECF system.

*/s/ René A. Vazquez*
René A. Vazquez