IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GREATGIGZ SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTUS HEALTH,<br><br>Defendant. | No. 6:21-cv-01310-ADA |

**REPLY IN SUPPORT OF DEFENDANT CHRISTUS HEALTH'S OPPOSED MOTION TO STAY PENDING RESOLUTION OF EPIC SYSTEMS CORPORATION'S DECLARATORY JUDGMENT ACTION AGAINST PLAINTIFF**

This case should be stayed under the customer-suit exception. Defendant, CHRISTUS Health, is a customer of the software accused here, which is provided by Epic Systems Corporation ("Epic"). Epic has brought a declaratory judgment suit against Plaintiff, GreatGigz Solutions, LLC ("GreatGigz"), in the Southern District of Florida, on the very same patents-at-issue ("Florida Action").[1] Under Federal Circuit precedent, the Florida Action should take precedence, and this case against CHRISTUS Health should be stayed pending the outcome of the Florida Action. GreatGigz offers four arguments in opposition to the stay, all of which are unavailing.

*First*, GreatGigz argues meaningless semantics. It asserts that the exception should not apply because CHRISTUS Health is a mere "user" of Epic's accused software and not a "reseller." (Dkt. 14, at ECF 4, 6). This is a distinction without a difference. *Sonrai Memory v. Samsung Elecs.*, No. 6:21-cv-00169-ADA, Order, at 6 (W.D. Tex. Feb. 24, 2022) (noting Federal Circuit rejected rigid approach to the "mere reseller" standard). Numerous courts have stayed cases against

---

[1] *Epic Systems Corp. v. GreatGigz Solutions, LLC*, No. 9:22-cv-80276 (S.D. Fla. Feb. 18, 2022).

1

software customers or users to allow a suit against the software provider to proceed first. *See*, *e.g.*, *Collaborative Agreements, LLC v. Adobe Sys. Inc.*, No. 1-14-CV-356-LY, 2015 WL 10818739, at *3 (W.D. Tex. Aug. 21, 2015); *Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398, at *10 (E.D. Tex. Jan. 25, 2017); *Upaid Sys., Ltd. v. CleanDan*, No. SA CV 18-00619-AB, 2018 WL 5279567, at *2-3 (C.D. Cal. July 25, 2018).

GreatGigz misapprehends the standards at-play and fails to meaningfully engage with the relevant stay factors. It cites *Nintendo* to argue that this case does not present "[t]he typical fact pattern" for applying the customer-suit exception. (Dkt. 14, at ECF 4). But *Nintendo* does not hold that the exception requires "a large number of customers (typically resellers)" or that "the manufacturer/supplier suit is located in ... the home district of the manufacturer/supplier." (*See id.*); *cf. In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (purpose of customer-suit exception to "avoid, if possible, imposing the burdens of trial on *the* customer" (emphasis added)). Instead, *Nintendo* holds that "[w]hen a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take precedence." *Id.* GreatGigz does not dispute, as pointed out in opening, that CHRISTUS Health is a customer of Epic's and that it uses the MyChart patient portal to provide services to *its* patient customers. (*See* Dkt. 9, at ECF 3, 7).

***Second***, GreatGigz contradicts itself in claiming its allegations involving CHRISTUS Health's use of Epic's MyChart patient portal are "in no way …. limit[ed] … ***only*** to their [sic] use of Epic's system" and are "not limited to only their [sic] use of Epic's systems." (Dkt. 14, at ECF 4, 6 (emphasis in original)). GreatGigz cites nothing to support these claims—no doubt because its own complaint tells a different story. GreatGigz's complaint points *only* to Epic's MyChart patient portal as the accused software system. (*See* Dkt. 1, ¶¶ 6, 35, 41 & nn. 1, 3-6).

2

GreatGigz also asserts—again without support—that the accused system incorporates Epic's software only "to *some extent*" (Dkt. 14, at ECF 4 (emphasis in original)), but fails to explain what that means, or how this "extent" matters to the infringement analysis. GreatGigz states that it intends to request discovery, but it is unclear what it would hope to uncover to change the situation. Epic is the *sole* provider of its MyChart patient portal, and nothing GreatGigz could uncover in discovery could contradict this. *See* Epic, MyChart, https://mychart.com/; Epic, MyChart, www.mychart.org/ (redirecting to https://mychart.com/).

GreatGigz cites *Mirror Worlds Techs., LLC v. Dell Inc.*, but the case is inapposite. There, the court refused to stay the case against certain defendant Microsoft customers pending resolution of a case involving Microsoft itself because the allegations against the customer defendants went "beyond their mere purchase of the Windows operating system from Microsoft," and thus a determination that Microsoft does not infringe would not necessarily resolve claims against the defendant customers. No. 6:13–CV–941, 2014 WL 11268268, at *2–3 (E.D. Tex. Sept. 29, 2014). Here, CHRISTUS Health has agreed to be bound by the outcome of the Florida Action and GreatGigz's claims against CHRISTUS Health rise and fall with the Florida Action.

Regardless, the customer-suit exception "need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue." *Kirsch Rsch. & Dev., LLC v. Bluelinx Corp.*, No. 6:20-CV-00316-ADA, 2021 WL 4555803, at *2 (W.D. Tex. Oct. 4, 2021). The allegations concerning the use of Epic's software are the "major issues" that will be resolved in the Florida Action.

***Third***, GreatGigz posits that taking discovery in Texas would be more efficient than taking discovery in Florida because Epic's documents and witnesses are in Wisconsin and Texas is geographically more proximate to Wisconsin than Florida. (Dkt. 14, at ECF 6). Epic would, of

3

course, prefer to resolve its disputes with GreatGigz and its affiliates, like Decapolis, in Epic's home state, Wisconsin. That would be the most convenient and logical place to resolve infringement questions involving Epic's software systems. Wisconsin was not, however, a proper venue to bring suit against GreatGigz. So, Epic shouldered the inconvenience and properly filed its declaratory judgment action against GreatGigz in GreatGigz's home state, Florida. From GreatGigz's perspective, the Southern District of Florida should be the most convenient venue, as it is GreatGigz's place of incorporation. In contrast, the Western District of Texas appears to have no especially relevant connection to the ultimate questions in this case.[2]

That said, GreatGigz's focus on geography misses the point—the meaningful distinction between these actions is not about Texas versus Florida, but non-party versus party. The Federal Rules of Civil Procedures apply different standards for taking discovery from non-parties versus parties. *Compare* Fed. R. Civ. P. 33, 34, 36 *with* Fed. R. Civ. P. 45. One would think GreatGigz would be pleased with the prospect of being able to take discovery directly from Epic—the provider of the accused software—rather than having to subpoena Epic as a third-party, after exhausting all avenues to obtain the same from CHRISTUS Health. *See TeleTracking Techs. v. Epic Sys. Corp.*, No. 21-cv-383-slc, Order (W.D. Wis. Aug. 9, 2021) (denying motion to compel Epic to comply with third-party subpoena, in part, because the plaintiff in the underlying lawsuit had not "exhaust[ed] all options for obtaining the sought-after information from [the defendant]"). GreatGigz does not engage with this point, but falls back on criticizing CHRISTUS Health for supposedly failing to explain how Epic providing evidence via third-party discovery would be "more burdensome than providing that same evidence in the Florida Action." (Dkt. 14, at ECF 6).

---

[2] As pointed out in opening (Dkt. 9, at ECF 9 n.3), it does not appear that GreatGigz sued CHRISTUS Health for any reasons particular to CHRISTUS Health other than it being an Epic customer in this District. GreatGigz did not address this point in its opposition.

Again, GreatGigz misses the point. Epic having to duplicate discovery in *two* cases would impose *twice* the burden. If Epic must provide certain evidence to GreatGigz, it should be required to do so only once in an action where it has the most input into how that evidence is used and protected. Moreover, CHRITUS Health should not have to stand proxy for Epic in this case while the Florida Action is progressing apace. As this Court recently held, "this Court's interest in judicial economy overwhelms th[e] prejudice [to the plaintiff because t]here is too much efficiency to be gained from litigating infringement and validity … in a single case defended by the designers and manufacturers of [the accused product]." *Sonrai Memory v. Samsung Elecs.*, No. 6:21-cv-00169-ADA, Order, at 8 (W.D. Tex. Feb. 24, 2022).

***Finally***, GreatGigz asserts that it would be "unduly prejudiced" by a stay of this case, but other than invoking these words, GreatGigz makes no effort to explain this prejudice. It fails to address all of the points that CHRISTUS Health made in its opening motion—that GreatGigz will still be able to pursue its allegations in the Florida Action, and do so in its home venue; that GreatGigz will have an opportunity to address the accused Epic software holistically in the Florida Action and not piecemeal by customer; and that, based on the schedule set in a similarly situated case involving the same patents,[3] that it would see its allegations resolved relatively quickly. (Dkt. 9, at ECF 9-10). GreatGigz obliquely suggests that the Florida Action may infuse some delay in resolving its allegations, but offers no facts to support this—no doubt because it has nothing to report in its favor. GreatGigz's silence on these points speaks volumes.

For all of these reasons, CHRISTUS Health respectfully requests the Court stay this case until Epic's action against GreatGigz on the same patents-at-issue has been resolved.

---

[3] GreatGigz is facing another declaratory judgment action in the Southern District of Florida on the same four patents-at-issue here. *MapleBear v. GreatGigz*, No. 21-cv-81998-DMM (S.D. Fla.). That case was filed in October 2021 and was quickly set for a September 2022 trial.

Dated: March 8, 2022

Respectfully submitted,

*/s/ Mark D. Siegmund*
Mark D. Siegmund
State Bar No. 24117055
Gregory P. Love (Admission Pending)
State Bar No. 24013060
**STECKLER WAYNE CHERRY & LOVE, PLLC**
8416 Old McGregor Road
Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689
mark@swclaw.com
greg@swclaw.com

*Attorneys for Defendant CHRISTUS Health*

OF COUNSEL:

Kristin Graham Noel
Martha Jahn Snyder
Anita Marie Boor
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, Wisconsin 53703-3095
Tel.: (608) 251-5000
kristin.noel@quarles.com
martha.snyder@quarles.com
anita.boor@quarles.com

### CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2022, a true and correct copy of the foregoing was served on all counsel of record who have appeared in this case via the Court's CM/ECF system per Local Rule CV-5.

*/s/ Mark D. Siegmund*
Mark D. Siegmund